J-S13034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD HOLLIHAN, JR., | : | |
| | : | |
| Appellant | : | No. 1321 WDA 2017 |

Appeal from the PCRA Order August 28, 2017
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0003016-1985

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED MAY 9, 2018**

Richard Hollihan, Jr. ("Hollihan"), appeals, *pro se*, from the Order denying his fourth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On February 4, 1986, following a jury trial, Hollihan was convicted of murder of the first degree, in the shooting death of his wife.  The trial court sentenced Hollihan to life in prison.  On September 28, 1989, this Court affirmed the judgment of sentence, and on July 3, 1991, the Pennsylvania

---

[1] Although Hollihan styled his Petition as a "Motion for Medical Examiner's Autopsy Report," the PCRA court properly treated the Motion as a PCRA Petition, because his claim of innocence is cognizable under the PCRA.  ***See*** 42 Pa.C.S.A. § 9542 (providing that the PCRA provides the sole means "by which persons convicted of crimes they did not commit … may obtain collateral relief," and "encompasses all other common law and statutory remedies for the same purpose."); ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 728 (Pa. 2003) (stating that a claim of innocence is cognizable under the PCRA).

Supreme Court denied Hollihan's Petition for Allowance of Appeal. *See Commonwealth v. Hollihan*, 566 A.2d 254 (Pa. Super. 1989), *appeal denied*, 593 A.2d 838 (Pa. 1991).

On June 10, 1993, Hollihan filed a *pro se* PCRA Petition. The PCRA court appointed counsel who filed a Petition to Withdraw and "no-merit" letter pursuant to *Turner/Finley*.[2] On July 23, 1996, the PCRA court granted counsel's Petition to Withdraw and dismissed the Petition.

On October 31, 2007, Hollihan, *pro se*, filed his second PCRA Petition. On November 20, 2007, the PCRA court filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. On December 12, 2007, the PCRA court dismissed Hollihan's Petition, which this Court affirmed. *Commonwealth v. Hollihan*, 963 A.2d 567 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 967 A.2d 958 (Pa. 2009), *cert. denied*, 557 U.S. 926 (2009).

On March 13, 2014, Hollihan filed his third *pro se* PCRA Petition. After filing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court dismissed the Petition without a hearing on January 8, 2015.

On July 13, 2017, Hollihan filed the "Motion for Medical Examiner's Autopsy Report," which the PCRA court treated as his fourth PCRA Petition. The PCRA court denied the Petition. Hollihan filed a timely Notice of Appeal.

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Hollihan's judgment of sentence became final on October 1, 1991, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. 9545(b)(3); Sᴜᴘ. Cᴛ. R. 13. Thus, Hollihan had until October 1, 1992, to file a timely PCRA Petition. The current Petition, which was filed on July 13, 2017, is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b).

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these

exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Hollihan did not plead or prove any of the three timeliness exceptions. Therefore, we lack jurisdiction to address the merits of his claims on appeal.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/9/2018

---

[3] The PCRA court failed to issue a Pa.R.Crim.P. 907 notice before denying relief. Nevertheless, Hollihan failed to raise this issue on appeal. Further, this omission is not reversible error where, as here, "the record is clear that the petition is untimely," and no timeliness exceptions were invoked. *Commonwealth v. Zeigler*, 148 A.3d 849, 852 n.2 (Pa. Super. 2016).

- 4 -